Case 4:18-cv-03518   Document 19   Filed on 04/21/20 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
April 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH JEROME GATES, (TDCJ–CID #518458) Plaintiff, | § § § § § § | CIVIL ACTION NO. 4:18–cv–3518 |
| vs. | § § | JUDGE CHARLES ESKRIDGE |
| OFFICER KATHY, *et al*, Defendants. | § § § § | |

**MEMORANDUM ON DISMISSAL**

Kenneth Jerome Gates is an inmate of the Texas Department of Criminal Justice—Correctional Institutions Division. He proceeds here *pro se* and *in forma pauperis*.

Gates began this action in September 2018 alleging civil rights violations resulting from a denial of due process. He has sued by name Officer Kathy, Sergeant Klein, Lieutenant Horac, and Sheriff Norworthy. Gates also asserts claims against unnamed wardens, parole officers, members of the Classification Department, and TDCJ–CID personnel responsible for the intake process.

Upon consideration, the Court dismisses Gates's claims, finding them to lack merit.

1. Background

Gates is an inmate of the Powledge Unit in Palestine, Texas, which is located within the Tyler Division of the Eastern District of Texas. His complaint proceeds under 42 USC § 1983, but its basis is not entirely clear. Dkt 1. He also filed an amended statement, which is also unclear. Dkt 7.

Because it was so difficult to understand, the Court ordered Gates to provide a supplemental statement answering a list of six

questions regarding the persons involved, the disputed situation, the nature of injury, and the requested relief. Dkt 11. Gates responded, but he did not succinctly or coherently answer the Court's questions. Dkt 12. The exact nature of his allegations thus remains somewhat unclear.

Pertinent here, the State of Texas has convicted Gates at least twice of crimes. Most recently, in 2018, he received a four-year sentence for credit- or debit-card abuse. In 1989, he previously received a sentence of thirty-five years for burglary of a habitation. He claims wrongful imprisonment, contending that his newer sentence was supposed to run concurrently with his older one. And he asserts that his parole for his earlier sentence was wrongfully revoked. Together, he asserts this means he should currently be free.

Gates also appears to complain that when he returned to the TDCJ–CID, he received a new identification number, 2216891. He asserts that prison officials should have assigned him his original TDCJ–CID number, 518458. In January 2019, Gates apparently received an identification card with his original TDCJ number of 518458. While Gates includes these statements, it is not clear how they connect to any wrongful term of imprisonment or other injury to him.

Beyond the four corners of his complaint, the Court has reviewed online prison records. These show in more detail that a Texas state court in Orange County convicted Gates of burglary of a habitation in August 1989. This was Cause Number A890090, where he received a prison term of thirty-five years. Gates was released on parole on this charge in October 2016.

Gates was on parole when he committed the new offense of credit- or debit-card abuse in March 2018. This was Cause Number 15,618, in Burleson County, Texas. Gates appears to have pleaded guilty on that charge in exchange for a four-year sentence. The trial court sentenced Gates in August 2018 and awarded him jail-time credit.

Online TDCJ–CID records separately show that on February 6, 2020, the Board denied Gates release on parole because of his criminal history and prior unsuccessful periods of

supervision, including probation, parole, or mandatory supervision.

Gates appears to assert that he has been wrongfully imprisoned in Cause Number 15,618. Gates states that Burleson County officials refused to release him after the trial court dismissed the charges against him on September 13, 2018. On September 14th of that year, Gates received notice of a parole revocation hearing set for September 21st. Gates asserts that Burleson County officials falsified records and imposed a four-year sentence.

Gates also appears to assert that the Texas Board of Pardons and Paroles revoked his parole in Cause Number A890090. The Court made telephone inquiry in this regard to TDCJ–CID. The Court learned that Gates's parole in Cause Number A890090 has not been revoked. Instead, the Board currently has under review determination whether to revoke his parole in that cause.

Gates raised similar claims in the Western District of Texas in Civil Action Number 1:18–0984, filed on November 15, 2018. Noting the lack of clarity, the Western District of Texas understood Gates to allege that:

- His four-year sentence was supposed to run concurrently with his thirty-five-year sentence for burglary of habitation;
- Gates believed his original TDCJ number of 518458 would be used to identify him when he returned to prison;
- Gates was given a new TDCJ number;
- His parole eligibility date and his maximum sentence date were made the same—March 20, 2022; and
- The Parole Board made his four-year sentence "aggravated."

Gates there sued the Director of the Board of Pardons and Paroles, the Board of Pardons and Paroles "Discharges," and Institutional Parole Officer J. Couburn. Gates sought his immediate release, $100,000 for wrongful imprisonment, and $200,000 for punitive damages. Of note, Gates there submitted a copy of a letter from the Texas Board of Criminal Justice, State

Counsel for Offenders dated October 29, 2018. That letter informed Gates that the Board had not revoked his parole in Cause Number A890090. On December 21, 2018, the Western District dismissed Gates's claims as barred by the Eleventh Amendment and the doctrine announced in *Heck v Humphrey*, 512 US 477, 486–87 (1994).

Separately, Gates also complains here of exposure to extreme heat and denial of adequate medical care at the Pack I Unit. He has also presented those claims in Civil Action Number 4:19–0529. He filed that action five months after initiating this one.

In this case, Gates seeks his immediate release on parole, $80,000 for wrongful imprisonment, and $300,000 as punitive damages.

### 2. Legal standard

Under 28 USC § 1915A, federal courts are authorized to review as soon as practicable a complaint in a civil action in which a prisoner sues a governmental entity or officer or employee. The court must dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 USC § 1915A(b).

A federal court also has the authority under 28 USC § 1915(e)(2)(B)(i) to dismiss an action in which the plaintiff is proceeding *in forma pauperis* at any time if the court determines that the action is frivolous or malicious.

A complaint is *frivolous* if it lacks an arguable basis in law or fact. See *Denton v Hernandez,* 504 US 25, 31 (1992); *Richardson v Spurlock,* 260 F3d 495, 498 (5th Cir 2001). A complaint *lacks an arguable basis in law* if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Davis v Scott,* 157 F3d 1003, 1005 (5th Cir 1998), quoting *McCormick v Stalder,* 105 F3d 1059, 1061 (5th Cir 1997).

A district court may dismiss as *malicious* an *in forma pauperis* complaint that duplicates allegations of another pending federal lawsuit filed by the same plaintiff. *Pittman v Moore*, 980 F2d 994, 995 (5th Cir 1993).

4

To sue for damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus* under 28 USC § 2254. *Heck v Humphrey*, 512 US 477, 486–87 (1994). The *Heck* rule extends to parole revocation proceedings. *Jackson v Vannoy*, 49 F3d 175, 177 (5th Cir 1995), cert denied, 516 US 851 (1995). When the underlying criminal proceeding is a parole revocation, the question is whether a judgment in favor of the plaintiff in the civil action would "call into question the fact or duration of parole." *Littles v Board of Pardons and Paroles Division*, 68 F3d 122, 123 (5th Cir 1995). If so, a civil rights lawsuit is barred unless the decision of the parole board has been "reversed, expunged, set aside, or called into question." Ibid.

>   3. Analysis
>       a. Claims as to imprisonment and parole

Gates brings two challenges with respect to his present confinement. One concerns the validity of his conviction and four-year prison sentence in Cause Number 15,618. The other challenges the alleged improper revocation of his parole in Cause Number A890090.

*As to the validity of his four-year prison sentence.* The Fifth Circuit teaches that "[a] § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v Lyons*, 74 F3d 99, 102 (5th Cir 1996). Indeed, such showing is a prerequisite under *Heck*. 512 US at 486–87. Fifth Circuit authority is likewise clear as to the result: "Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery . . ." *Randell v Johnson*, 227 F3d 300, 301 (5th Cir 2000), cert denied, 532 US 971 (2001).

The crux of Gates's complaint is that he was improperly charged and convicted of credit- or debit-card abuse in Cause Number 15,618. Yet he makes no allegation with respect to any

5

favorable termination of that charge. And so a ruling by this Court to grant him the relief he seeks would necessarily implicate the validity of his conviction in an action to which he pleaded guilty. It would also inevitably affect the duration of his confinement.

By these standards, the claim presented by Gates is not appropriate for federal court oversight at this time. Until he receives a ruling that satisfies the favorable-termination requirement of *Heck*, no action will accrue under § 1983. 512 US at 488–89. This makes his claim challenging his conviction for credit card abuse *legally frivolous* within the meaning of sections 28 USC § 1915(e)(2)(B)(i) and 28 USC § 1915A(b).

Gates's claim regarding conviction for credit- or debit-card abuse is dismissed with prejudice to being reasserted until the *Heck* conditions are met. See *Clarke v Stalder*, 154 F3d 186, 191 (5th Cir 1998); *Johnson v McElveen*, 101 F3d 423, 424 (5th Cir 1996).

*As to the alleged revocation of his parole.* A cause of action for damages under 28 USC § 1983 is barred until the plaintiff can demonstrate that the parole-revocation decision has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 US at 489; see also *Littles*, 68 F3d at 123.

As noted, telephone inquiry by the Court confirms that Gates's parole remains under review. The Board has not yet revoked his parole, and it may never do so. Until Gates receives a ruling that declares his parole-revocation reversed, invalidated, or otherwise expunged, he cannot pursue his claim for relief. This makes his claim challenging parole revocation *legally frivolous* within the meaning of 28 USC § 1915(e)(2)(B)(i) and 28 USC § 1915A(b).

Gates's claim regarding parole revocation is dismissed with prejudice to being reasserted until the *Heck* conditions are met.

    b.   Claim based on assignment of new inmate number

Gates also appears to complain that when he returned to the TDCJ–CID, he received a new identification number, 2216891.

He asserts that prison officials should have assigned him his original TDCJ–CID number, 518458. Apparently, on January 28, 2019, Gates received an identification card with his original TDCJ number of 518458. The Court liberally construes Gates's pleading to assert that prison officials improperly classified him due to the assignment of a new inmate number.

Courts must accord prison officials the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order. *McCord v Maggio*, 910 F2d 1248, 1251 (5th Cir 1990), citing *Bell v Wolfish*, 441 US 520, 547 (1979). Except for the limited purpose of correcting proven constitutional violations, federal courts are neither empowered nor equipped to second-guess prison administrators or to engage in prison management. *Ruiz v Estelle*, 679 F2d 1115, 1126 (5th Cir 1982) (and cases cited therein), vacated in part on other grounds 688 F2d 266 (5th Cir 1982). Prison officials have broad administrative and discretionary authority over the institutions they manage. *Jackson v Cain,* 864 F2d 1235, 1247, 1247–48 (5th Cir 1989), citing *Hewitt v Helms*, 459 US 460, 467 (1983). Lawfully incarcerated persons retain only a narrow range of protected liberty interests. Ibid. Classification of inmates is one of those administrative functions. Ibid.

Gates's claim based on the assignment of a new inmate number is dismissed as frivolous. 28 USC § 1915(e)(2)(B)(i) and 28 USC § 1915A(b).

   c.  Official-capacity claims against the Defendants

Gates asserts claims against unnamed wardens, parole officers, members of the Classification Department, and TDCJ–CID personnel responsible for the intake process.

The Eleventh Amendment bars suits for damages against a state in federal court. *Kentucky v Graham*, 473 US 159, 169 (1985). Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court. *Puerto Rico Aqueduct and Sewer Authority v Metcalf & Eddy Inc*, 506 US 139, 144 (1993). This bar also applies to state officials sued for damages in their official capacity. *Kentucky*, 473 US at 169. To the extent Gates sues the Defendants for damages in their official capacities, those claims are barred by the Eleventh Amendment.

        d.    Claims as to extreme heat and denial of adequate medical care

Gates also complains of exposure to extreme heat and denial of adequate medical care. Gates has presented those same claims in a later-filed action, Civil Action Number 4:19–0529. His claims in this regard are thus malicious under prevailing Fifth Circuit standards. See *Pittman v Moore*, 980 F2d 994, 995 (5th Cir 1993). The ability to proceed *in forma pauperis* does not entitle a plaintiff to avoid the ordinary rules of *res judicata*. *Wilson v Lynaugh*, 878 F2d 846, 849–51 (5th Cir 1989), cert denied, 493 US 969 (1989).

As such, his claims relating to exposure to heat and denial of medical care are dismissed as malicious here. But he may continue their pursuit in Civil Action Number 4:19–0529.

    4.    Conclusion

To the extent the action filed by Kenneth Jerome Gates, TDCJ–CID #518458, pursues a claim regarding an illegal parole revocation in Cause Number A890090, it lacks an arguable basis in law. That claim is DISMISSED WITH PREJUDICE under 28 USC § 1915(e)(2)(B)(i) and 28 USC § 1915A(b).

To the extent his action pursues a claim regarding an illegal conviction in Cause Number 15,618, it lacks an arguable basis in law. That claim is DISMISSED WITH PREJUDICE under 28 USC § 1915(e)(2)(B)(i) and 28 USC § 1915A(b).

To the extent his action pursues a claim regarding improper assignment of a new inmate number, it lacks an arguable basis in law, and it is DISMISSED WITH PREJUDICE.

To the extent his action pursues claims against the Defendants in their official capacities, they lack an arguable basis in law, and they are DISMISSED WITH PREJUDICE.

To the extent his action pursues claims relating to exposure to heat and denial of medical care, these claims duplicate claims he has pending in another action. Those same claims here are DISMISSED as malicious, but WITHOUT PREJUDICE to him continuing pursuit of such claims in 4:19–0529.

The Court DENIES Gates's motion for the appointment of counsel. Dkt 17. The Court DENIES as moot any other pending motions.

The Court ORDERS that the TDCJ–CID must:
- Deduct twenty percent of each deposit made to Gates's inmate trust account when the amount exceeds $10, and
- Forward payments to the Court until the filing fee obligation of $350 is paid.

The Clerk of Court will send a copy of this Order to:
- TDCJ–CID–Office of the General Counsel
  Capitol Station
  PO Box 13084
  Austin, Texas 78711
  Fax: (512) 936–2159;

- Inmate Trust Fund
  PO Box 629
  Huntsville, Texas 77342–0629; and

- Manager of the Three-Strikes List for the Southern District of Texas at:
  Three_Strikes@txs.uscourts.gov.

SO ORDERED.

Signed on April 21, 2020, at Houston, Texas.

*Chs R Eskridge II*
Hon. Charles Eskridge
United States District Judge